IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| William T. Coleman, | ) C/A No. 0:10-2151-SB-PJG |
|---|---|
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| John R. Owen, | ) |
| Respondent. | ) |

The petitioner, William T. Coleman ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at FCI-Williamsburg. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner challenges his sentence of twenty years' imprisonment for possession with intent to distribute crack cocaine entered in the United States District Court for the District of Vermont in Criminal No. 2:96-CR-00007-001. Essentially, the petitioner contends that he is entitled to a sentence reduction pursuant what he refers to as the "crack bill S. 1789" signed into law by President Obama on August 3, 2010 and states that "[t]his detention and restraint is unlawful because Petitioner was sentenced to a penalty provision that no longer applies to him, and therefore, he has over completed his sentence." (Pet., ECF No. 1 at 1, ¶ 2.) The petitioner also contends that the United States District Court for the District of South Carolina should correct his "illegal" sentence under

the "Savings Clause" of 28 U.S.C. § 2241(c)(3) and resentence him to "time served." (Mem., ECF No. 1-1 at 11.)

The judgment in the petitioner's criminal case was entered on May 12, 1998. The petitioner's conviction and sentence were affirmed on direct appeal in United States v. Coleman, 166 F.3d 428 (2nd Cir.), *cert. denied*, 526 U.S. 1138 (1999). The petitioner discloses that he filed a Section 2255 action on June 29, 2000. The district court denied the Section 2255 motion, but granted a certificate of appealability. On February 12, 2003, the United States Court of Appeals for the Second Circuit affirmed the judgment of the United States District Court for the District of Vermont, and the Supreme Court of the United States subsequently denied discretionary appellate review. Coleman v. United States, 329 F.3d 77 (2nd Cir.), *cert. denied*, 540 U.S. 1061 (2003).

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening

Page 2 of 8

PJG

of any *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989) (insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) (formerly 28 U.S.C. § 1915(d)), as "frivolous").

*PJG*

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The claims raised in the above-captioned case are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been resorted to only in limited situations—such as actions challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir.1994). Since the petitioner is seeking relief from his conviction and sentence entered in the United States District Court for the District of Vermont, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. See United States v. Morehead, No. 97 CR 391, 2000 WL 1788398 (N.D. Ill., Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255 . . . ." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

Id.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

Many decisions in this circuit hold that substance controls over the caption.

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996).

Melton v. United States, 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so Castro's warn-and-allow-withdrawal approach does not apply. See Melton, 359 F.3d at 857.

United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005); see also United States v. Winestock, 340 F.3d 200 (4th Cir. 2003).

Many federal prisoners, such as the petitioner, have erroneously attempted to overturn federal convictions by filing a Section 2241 action. See, e.g., San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District

of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico).

The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. Phillips v. Jeter, Civil Action No. 4:04-CV-0846-Y, 2005 WL 465160, *1-*2 (N.D. Tex., Feb. 25, 2005), *appeal dismissed*, Phillips v. Jeter, No. 05-10494, 193 Fed. Appx. 326, 2006 WL 2006 WL 2254537 (5th Cir., August 7, 2006); cf. United States v. Winestock, 340 F.3d at 200; Rhodes v. Houston, 258 F. Supp. 546 (D. Neb. 1966).

Since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, the petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the Second Circuit to file a successive Section 2255 motion to vacate.

In any event, the "crack bill S. 1789"—which is actually known as the Fair Sentencing Act of 2010 (reducing sentencing disparities between crack and powder cocaine to 18 to 1)—is *not* retroactive. See United States v. Miller, No. 4:89-CR-120(JMR), 2010 WL 3119768, *2 n. 2 (D. Minn., Aug. 6, 2010):

> On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010, reducing sentencing disparities between crack and powder cocaine to 18 to 1. While the law is not retroactive, it is indicative of Congress's desire to resolve the sentencing disparities between these two drugs.

Id.

### RECOMMENDATION

Accordingly, the court recommends that the § 2241 Petition be dismissed without prejudice and without requiring the respondent to file an answer or return. See Allen v.

Page 6 of 8

PJG

Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 27, 2010
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).